IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLYDE and CHARLENE ALCON
d/b/a ALCON & SON EXCAVATING,

    Plaintiff,

vs.                                              Civil No. 04-554 WJ/LFG

JACK HOLMES, JUDI MCGEE HOLMES,
GRAY WOLF RANCH, LLC and GRAY WOLF
RANCH FARM, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion to Remand [Docket No. 4]. Having reviewed the motion, the accompanying memorandum and the record in the case,[1] I find the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiffs filed a Complaint in state court on April 28, 2004. The Complaint alleges that Plaintiffs have been damaged by Defendants in the amount of $66,719.24. The Complaint alleges a claim for a violation of the New Mexico Unfair Trade Practices Act (Act), N.M. Stat. Ann. 1978 § 57-12-2, requests damages for this violation in an amount to be proved at trial, and requests attorneys' fees and costs pursuant to the Act.

Defendants filed a Notice of Removal on May 18, 2004. The Notice of Removal alleges

---

[1] Because subject matter jurisdiction is clear on the face of the Notice of Removal, and nothing in Plaintiff's Motion to Remand reasonably challenges the basis of the Court's jurisdiction, the Court issues this decision prior to the filing of any Response to the Motion to Remand.

that there is complete diversity among the parties and that the amount in controversy exceeds $75,000. Defendants allege that, while the damages on the face of the state court Complaint are in the amount of $66.719.24, Plaintiffs, if they prevail on their claim under the Act, could be entitled to attorneys fees and treble damages.

Plaintiffs filed the instant motion alleging that this Court lacks subject matter jurisdiction because the damages alleged on the face of the Complaint are only the $66,719.24 so are less than the requisite jurisdictional amount in controversy.

**LEGAL STANDARD**

An action is removable if the district court of the United States would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the burden of the removing party to establish the subject matter jurisdiction of this Court. Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999). There is a presumption against removal jurisdiction. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873.

**DISCUSSION**

There is no dispute in this case that the parties are completely diverse. Complete diversity is plain on the face of the Complaint and the Notice of Removal. Plaintiffs' argument that this Court lacks subject matter jurisdiction is solely that Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 because the

amount in controversy on the face of the Complaint is $66,719.24.  Plaintiffs essentially ignore the face of the Notice of Removal which points out that Plaintiffs' Complaint includes a claim under the Act, and that the Act contemplates attorneys' fees and possible treble damages.[2]  Plaintiffs' claim under the New Mexico Unfair Trade Practices Act alone is reasonably read to include more than $75,000 in damages even just considering a reasonable amount of attorneys' fees.  See Miera v. Dairyland Ins. Co., 143 F.3d 1337 (10th Cir. 1998).   Therefore, Defendants have met their burden of showing subject matter jurisdiction by a preponderance of the evidence, and Plaintiffs' Motion to Remand will therefore be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Docket No. 4] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Act provides for attorneys' fees to a prevailing party, N.M. Stat. Ann. 1978 § 57-12-10(C), and provides for treble actual damages if a plaintiff proves that a defendant willfully engaged in a unfair trade practice, N.M. Stat. Ann. 1978 § 57-12-10(B).